**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MOHAMMAD ISMAIL MORRAR,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:26-cv-03715-MDH** |
| | ) | |
| **CASS MARTIN, *et al.*,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner has been detained by the Department of Homeland Security ("DHS") pending a final order of removal. Pending before the Court is his *pro se* Verified Petition for Writ of Habeas Corpus (Doc. 1). For the reasons outlined below, the Court concludes that Petitioner's petition for habeas corpus under 28 U.S.C. section 2241 should be **DENIED WITHOUT PREJUDICE**.

## BACKGROUND

Petitioner Mohammad Ismail Morrar is currently confined in Ozark County Jail in Gainesville, Missouri. At twelve years old, he came to the United States from Beit Duqqu, West Bank, in 1968 as a lawful permanent resident. However, in 1999, Petitioner was convicted of his first three burglary offenses, which occurred in 1994 and 1999. Immigration and Customs Enforcement ("ICE") took Petitioner into custody that year following the convictions. It issued him a Notice to Appear which charged him as removable under 8 U.S.C. sections 1227(a)(2)(A)(ii) and (a)(2)(A)(iii) as an alien who has been convicted of a crime involving moral turpitude and of an aggravated felony. An Immigration Judge ordered Petitioner's removal on October 26, 2000, and he was taken into custody by the Immigration and Naturalization Service on July 26, 2002.

On April 3, 2003, ICE released Petitioner and placed him on an order of supervision after failing to secure his removal. He remained in the United States. However, he failed to comply with the conditions of his order of supervision. He committed two more burglaries—one in 2005, the second in 2006—so ICE took him back into custody on April 11, 2008, after he was incarcerated in Illinois. He was released about three months later on another order of supervision after no removal could be secured. Petitioner yet again committed crimes during his release: aggravated battery in 2009, burglary in 2011, and another burglary in 2014. He was sentenced to twenty-six years in prison for the 2014 burglary but was paroled on October 20, 2025. ICE took him back into custody the same day. He has remained in custody at Ozark County Jail in Gainesville, Missouri, ever since.

Petitioner brought this proceeding, seeking a writ of habeas corpus pursuant to 28 U.S.C. section 2241, against (1) the Ozark County Sheriff, (2) the field office director of ICE Chicago, (3) the acting director of ICE, (4) the secretary of DHS, and (5) the U.S. Attorney General, all in their official capacities. He does not challenge the validity of his final order of removal; rather, he challenges the legality of his continued detention, arguing that it violates the Immigration Nationality Act ("INA") and the Due Process Clause. Respondents argue that Petitioner is not entitled to be considered for release. The Court resolves the parties' arguments below.

## DISCUSSION

### I. Jurisdiction

Respondents argue that three statutory provisions—8 U.S.C. sections 1252(a)(5), (g), and (b)(9)—deprive this Court of jurisdiction to consider any of Petitioner's claims that fall outside of *Zadvydas v. Davis*, 533 U.S. 678 (2001). The Court disagrees.

Section 1252(a)(5), entitled "Exclusive means of review," limits judicial review of orders of removal to "an appropriate court of appeals." As stated above, Petitioner is not challenging the validity of his final order of removal. Thus, section 1252(a)(5) does not strip this Court of jurisdiction. *See R.O.A. v. Edlow*, 805 F.Supp.3d 565, 571–72 (D. Vt. 2025).

Sections 1252(g) and (b)(9) apply narrowly to systemic challenges to regulations implementing expedited removal, review of an order of removal, the decision to seek removal, or the process by which removability will be determined—not to constitutional or statutory claims which precede and are collateral to that process, including, as relevant here, unlawful arrest or detention. *See Mata Velasquez v. Kurzdorfer*, No. 25-CV-493-LJV, 2025 U.S. Dist. LEXIS 135986, 2025 WL 1953796, at *7 (W.D.N.Y. July 16, 2025); *see also Hernandez-Cuevas v. Olson*, No. 4:25-cv-00830-BP, at 3 (W.D. Mo. Nov. 05, 2025) (citing 8 U.S.C. § 1252(b)(2)); *Cifuentes Rivera v. Arnott, et al*, 25-cv-00570-RK1, Doc.19 at 7 (W.D. Mo. Oct. 07, 2025) ("[T]he narrow scope of § 1252(g) does not cover 'claims [that] are collateral to the Government's decision to execute the final order of removal,' for instance, claims seeking relief based upon the Government's alleged failure to comply with its own regulations regarding the required administrative processes after an alien is detained."). Petitioner is challenging his unlawful detention, not any removal decisions or actions, so the above provisions do not deprive the Court of jurisdiction.

For those reasons, this Court concludes it has jurisdiction over Petitioner's habeas petition.

## II. <u>Permissibility of Continued Detention</u>

The Immigration and Nationality Act ("INA") provides that the Attorney General "shall remove" an alien within ninety days of entry of an order of removal. 8 U.S.C. § 1231(a)(1)(A). The alien must be held in the Government's custody during these ninety days. *Id.* § 1231(a)(2)(A);

*Zadvydas v. Davis*, 533 U.S. 678, 683 (2001). The INA authorizes extended detention if the Government does not remove the alien within the ninety-day period; however, it is well settled that this extension cannot be indefinite. 8 U.S.C. § 1321(a)(6); *Zadvydas*, 533 U.S. at 682, 689; *Clark v. Martinez*, 543 U.S. 371, 379 (2005).

The Supreme Court in *Zadvydas* clarified the boundaries of post-ninety-day detentions. 533 U.S. at 699–700, 701. Reasoning that "indefinite detention of [admitted] aliens . . . would raise serious constitutional concerns," the Court found that detentions after the ninety-day period are presumptively limited to six months. *Id.* at 701; *Martinez*, 543 U.S. at 378. Once the six-month period has passed, an alien detainee is eligible for conditional release if he "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701; *Martinez*, 543 U.S. at 378. If the alien does so, the burden shifts back to the Government to provide "sufficient evidence to rebut that showing." *Zadvydas*, 533 U.S. at 701. The Court reaffirmed this scheme in *Clark v. Martinez* and clarified that it includes not just admitted aliens but also aliens who have been ordered removed and are inadmissible under 8 U.S.C. section 1227(a)(2). 543 U.S. at 377.

Petitioner is inadmissible under section 1227(a)(2), so the *Zadvydas* holding applies here per *Martinez*. It is true that Petitioner has now been detained for more than thirteen months, ten months past the mandatory detention window. However, he has not provided this Court "good reason to believe that there is no significant likelihood of [his] removal in the reasonably foreseeable future." Respondents have proffered evidence sufficient to rebut Petitioner's assertion that his removal is not likely to occur any time soon. They began working on a travel document request packet for Petitioner within two months of his reincarceration. They have subsequently submitted two more travel document requests, with the most recent being sent on October 2, 2026.

Respondents also state that ICE is in the early stages of scheduling a charter flight for the removal of Palestinians to the West Bank, which they hope to conduct before the end of the calendar year. These actions create a "significant likelihood" that Petitioner's removal will occur in the reasonably foreseeable future. For these reasons, the Court finds Petitioner's petition for writ of habeas corpus must be denied without prejudice.

## CONCLUSION

The Court concludes Petitioner's right to procedural due process has not been violated, nor has the INA, and he is not entitled to immediate release. Accordingly, the Petition for Writ of Habeas Corpus is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

DATED: November 13, 2026

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**